JANVIER, Judge.
This is a .suit on open account. The amount claimed is $824.33 and is made up of four sales of goods alleged to have been ordered by and delivered to the defendant corporation, Delta Materials Corporation. The four sales are alleged to have been made on the following dates and for the amounts respectively set forth:
June 5, 1957 $395.03
July 24, 1957 114.33
July 25, 1957 269.65
July 29, 1957 45.32
Total $824.33
The defendant corporation admitted that it had bought and had received the materials for which the charge of $395.03 was made and alleged that it had tendered that amount to the plaintiff and that the tender had been refused. It denied that it had made the other three purchases.
There was judgment against defendant for the full amount prayed for, and- defendant has appealed suspensively.
The record shows that defendant, Delta Materials Corporation, was engaged in the business of selling ready mixed concrete and other building materials and that it had opened a credit account with the plaintiff corporation and had made purchases of material used in filling orders of its customers. On June 25, 1957, the defendant corporation sold its business to another corporation known as Delta Materials Operating Co., Inc.
The purchase which is admitted by defendant was made on June 5, 1957, which was prior to the day on which the defendant corporation sold its business to Delta Materials Operating Co., Inc. The other three sales were made after that time and it is the contention of defendant that if those sales were made, they were made to the new company which had purchased its business and that it, the defendant, had nothing whatever to do with those three purchases.
Although there is nothing definite to show it, it seems that the new company operated its business from at least one of the locations from which the former corporation had formerly operated, and it is shown that the telephone number used by the new company was the same number which had formerly been used by the old company.
*670 Unfortunately for the plaintiff, when the last three sales on which this suit is based were made, it, apparently, did not make certain to whom those sales were being made. There is no evidence to show that the orders were received from someone identified as being an employee of the defendant company, and it is quite possible that, because of the similarity of the names of the two companies, the employee who received the orders did not notice that difference in names and assumed that the sales were being made to the company with which it had formerly dealt and to which it had extended a line of credit.
There are in the record three photostatic copies of invoices and three photostatic copies of dray receipts apparently identifying the three disputed sales. Although these documents are in the record, counsel for defendant direct attention to the fact that no one of them was actually offered in evidence. The copies of the invoices, even if offered, would prove nothing except that the defendant corporation actually made the sales to some corporation. The three dray receipts would prove nothing except that each of the deliveries were actually made to someone.
These three receipts were signed, respectively, by Edward Black, Sr., F. B. Ledet and V. M. Halliburton. However, Mr. Hellmers of the plaintiff corporation who identified the documents referred to was unable to identify any one of the persons named as an employee of the defendant corporation. Of course, whether any one of the persons named was actually an employee of the defendant, could more easily have been shown by defendant. Ordinarily the failure to produce such proof might weigh heavily against defendant. However, in the absence of any positive primary proof by the plaintiff, we think it should not be said that because defendant did not prove that any one of the three persons named was not its employee, the failure to produce that evidence would justify the presumption that those persons were in its employ.
Because of the fact that the plaintiff could not prove that the sales in question were made to the defendant, we cannot approve the judgment in its favor for the full amount. However, since there may be available either to the plaintiff or to the defendant evidence which would identify the three persons named, we think it proper to remand the matter to the District Court in order that there may be afforded to both parties the opportunity on the one hand to prove that the three persons named were employees of the defendant, or, on the other hand, to prove that they were not. Of course, ultimately there must be judgment in favor of plaintiff for the admitted amount, to-wit $395.03.
Accordingly, the matter is remanded to the Twenty-fourth Judicial District Court for the Parish of Jefferson for further proceedings consistent with the views herein expressed and according to law; all costs to await final determination.
Remanded.